UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

YVETTE BARBARA BALDWIN,
    Plaintiff,

vs

WYOMING POLICE DEPARTMENT,
et al.,
    Defendants

Case No. 1:11-cv-858

Weber, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, has filed a *pro se* complaint under 28 U.S.C. §§ 1332(a)(1) and 1343(1), (3), (4), seeking access to "legal documents worth billions" that she claims are in defendants' possession. (*See* Doc. 1, Complaint, p. 2 & "Civil Cover Sheet"). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or

when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings this action against the City of Wyoming, Ohio, and the Wyoming Police Department. She alleges that she contacted the Wyoming Police Department, where she previously was employed, "several times over the past few years" regarding "legal documents that were left on file . . . as [a] permanent record and for the plaintiff's future use." (Doc. 1, Complaint, p. 8). Plaintiff claims that the requested documents contain information verifying her "royal lineage" and "royal order," as well as her "billionaire financial status with M&I Bank of Indianapolis, Indiana." (Doc. 1, Complaint, p. 8). Plaintiff also asserts that the documents include "all of her intelligence reporting certifications and training;" a "copy of the war declaration issued against the plaintiff during her employment" at the Wyoming Police Department; and "documents, photos, etc. that list, record the American Red Cross Award (awarded to the plaintiff in the City of Wyoming office building)." (Doc. 1, Complaint, pp. 8-9).

Plaintiff alleges that defendants have not responded to her requests for "copies of all documents and asset information as listed." (Doc. 1, Complaint, p. 9). As relief, she seeks (1) "a copy of the letter and/or legal document sent to the Wyoming Police Dept around the late fall of 1984 to beginning of 1985 . . . from Athens Greece (most likely from the Trustees of Greece),"

3

asking her to "consider assisting with the royal rule [she] was purposed for" and listing "the royal monarchs that [she is] desc[ended] from;" (2) "any intelligence report that advised of [her] financial status with (M&I Bank) Indianapolis" or of her status as "a billionaire with trillionaire access to royal treasury;" and (3) "the entire employee file with the Wyoming Police Department," which includes "copies of the training [she] received and any legal, financial, royal contacts, information and documents concerning [her] employment." (Doc. 1, Complaint, pp. 10-11). Plaintiff further states that "[i]t is important for the courts to be aware that as a royal public official, [she is] claiming sole legal and rightful authority over the billionaire financial account established for Yvette Baldwin only, at M&I Bank in Indianapolis." (Doc. 1, Complaint, p. 11).

Plaintiff's allegations do not state a claim with an arguable basis in fact or law, or alternatively, are insufficient to state a claim upon which relief may be granted by this Court. Plaintiff alleges the same facts regarding her royal status, as well as her status as the holder of a "billionaire financial account . . . at M&I Bank in Indianapolis," that she presented in prior complaints filed with this Court. *See Yvette Barbara Baldwin v. Marshall Ilsley Financial Corp.,* Case No. 1:11-cv-804 (S.D. Ohio) (Weber, J.; Litkovitz, M.J.); *Yvette Barbara Baldwin v. Cincinnati Bar Association, et al.,* Case No. 1:11-cv-71 (S.D. Ohio) (Barrett, J.; Bowman, M.J.); *Yvette Barbara Baldwin v. M&I Financial Corp., et al.,* Case No. 1:10-cv-952 (S.D. Ohio) (Barrett, J.; Litkovitz, M.J.). Indeed, in one of the prior complaints, plaintiff included the City of Wyoming and Wyoming Police Department in the long list of named defendants. *See Yvette Barbara Baldwin v. Cincinnati Bar Association, et al.,* Case No. 1:11-cv-71 (S.D. Ohio) (Barrett, J.; Bowman, M.J.) (Doc. 7). That complaint was dismissed as frivolous on March 14, 2011,

because the factual allegations were found to be "delusional, rising to the level of the irrational or 'wholly incredible.'" *See id.* (Doc. 8, pp. 5-6; Docs. 13, 14). Moreover, the undersigned recently issued a Report and Recommendation to dismiss the complaint filed in Case No. 1:11-cv-804 against Marshall & Ilsley Financial Corporation (M&I), after similarly concluding that "most, if not all, of plaintiff's allegations are 'fantastic or delusional.'" *See Yvette Barbara Baldwin v. Marshall v. Ilsley Financial Corp.,* Case No. 1:11-cv-804 (S.D. Ohio) (Weber, J.; Litkovitz, M.J.) (Doc. 4, p. 6).[1] Therefore, as in the prior actions, the instant complaint is subject to dismissal at the screening stage because it is based on delusional factual allegations. *See Hill,* 630 F.3d at 471 (quoting *Neitzke,* 490 U.S. at 328); *see also Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

In any event, even assuming, *arguendo,* that plaintiff's allegations are sufficiently rational to survive dismissal on the basis of frivolousness, the complaint is subject to dismissal on the alternative ground that it is barred from review under the doctrine of *res judicata,* or claim preclusion, because plaintiff previously filed a complaint against the same defendants, which was dismissed with prejudice on March 14, 2011 as frivolous and for failure to state a claim upon which relief may be granted. *See Yvette Barbara Baldwin v. Cincinnati Bar Association, et al.,* Case No. 1:11-cv-71 (S.D. Ohio) (Barrett, J.; Bowman, M.J.) (Docs. 8, 13, 14).[2]

"The doctrine of *res judicata,* or claim preclusion, provides that a final judgment on the

---

[1] The complaint filed in Case No. 1:10-cv-952 against M&I Financial Corporation and its affiliates was dismissed with prejudice on July 1, 2011 for lack of prosecution. *Yvette Barbara Baldwin v. M&I Financial Corp., et al.,* Case No. 1:10-cv-952 (S.D. Ohio) (Barrett, J.; Litkovitz, M.J.) (Docs. 5, 17, 22, 23). On August 26, 2011, plaintiff filed an unsigned notice of appeal to the United States Court of Appeals for the Sixth Circuit. *Id.* (Doc. 25). On December 9, 2011, the Sixth Circuit dismissed the appeal "on the basis of a late notice of appeal." (Doc. 26).

[2] It appears from the docket report maintained by the Clerk of Court that petitioner did not pursue an appeal to the Sixth Circuit from the district court's March 14, 2011 order and judgment dismissing the complaint.

merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in [that] prior action." *Harris v. Ashley*, No. 97-5961, 1998 WL 681219, at *2 (6th Cir. Sept. 14, 1998) (per curiam) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995), in turn quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). The doctrine applies not only to issues which were actually raised and litigated in the prior action, but also to any issues "which the parties, exercising reasonable diligence, might have brought forward at the time." *Id.* at *3 (internal citation and quotation omitted); *see also Parker v. Gibbons*, 62 F. App'x 95, 96 (6th Cir. 2003) (citing *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 213 (6th Cir. 1996)) ("Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented."). Consideration of a subsequent complaint is precluded under the *res judicata* doctrine if: (1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; (2) the subsequent action involves the same parties, or their privies, as the first action; (3) the second action raises issues or claims which were either actually litigated or should have been raised and litigated in the prior action; and (4) there is an "identity" between the causes of action to the extent the "claims arose out of the same transaction or series of transactions, or . . . the same core of operative facts." *Browning v. Levy*, 283 F.3d 761, 771-72, 773-74 (6th Cir. 2002) (internal citation and quotation omitted); *see also Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006).

The undersigned finds that all four elements necessary for the application of the *res judicata* doctrine are present in this case. First, the dismissal of plaintiff's prior complaint with

6

prejudice on the grounds of frivolousness and for failure to state a claim constituted a final decision on the merits for *res judicata* purposes. *See, e.g., Murray v. Reed,* 69 F. App'x 246, 247 (6th Cir. 2003) (citing *Cieszkowska v. Gray Line New York,* 295 F.3d 204, 205-06 (2nd Cir. 2002) (per curiam); *Randles v. Gregart,* 965 F.2d 90, 93 (6th Cir. 1992) (per curiam)) (affirming the dismissal of a prisoner complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) on the ground that the dismissal of a prior complaint "as frivolous and for failure to state a claim barred this new complaint under the the principle of res judicata"); *Taylor v. Reynolds,* 22 F. App'x 537, 539 (6th Cir. 2001) (the dismissal of claims under 28 U.S.C. § 1915(e)(2)(B) "creates a res judicata bar to the presentation of further in forma pauperis cases raising the same claims").[3] *Cf. Denton,* 504 U.S. at 34 (and cases cited therein) (although "a § 1915(d) dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute," which "does not prejudice the filing of a paid complaint making the same allegations," the dismissal "could, however, have a res judicata effect on frivolouness determinations for future *in forma pauperis* petitions").

Second, the instant case involves the same parties as the prior action, because plaintiff included the City of Wyoming, Ohio, and the Wyoming Police Department as named defendants in that action. Finally, plaintiff's allegations were or could have been raised in the prior action, and the claims raised in both cases arise out of and are predicated on the same events and same

---

[3]*See also Shockley v. Hosterman,* 279 F. App'x 98, 99 (3rd Cir. 2008) (per curiam) ("A dismissal under the *in forma pauperis* statute for frivolousness carries preclusive effect for purposes of any future *in forma pauperis* actions."); *Harmon v. Webster,* 263 F. App'x 844, 845-46 (11th Cir. 2008) (per curiam) (dismissal of prior complaint under 28 U.S.C. § 1915(e)(2) constituted an adjudication on the merits for *res judicata* purposes), *cert. denied,* 129 S.Ct. 1336 (2009); *Malek v. Brockbrader,* 190 F. App'x 613, 615 (10th Cir. 2006) (citing *Kinnell v. Graves,* 265 F.3d 1125, 1127 (10th Cir. 2001)) (*res judicata* barred relitigation of claims previously dismissed as frivolous).

operative facts. Indeed, plaintiff has alleged in both complaints that Robert Hess, who was chief of police at the Wyoming Police Department when she was employed there, placed certain documents in a permanent file with the City of Wyoming; the documents included a copy of a request made by the Greek government, asking plaintiff "to take a more active status" in her royal role, as well as a copy of "my edict including listing of Royal Descent." *See* Doc. 1, Complaint, pp. 5, 7; *Yvette Barbara Baldwin v. Cincinnati Bar Association, et al.,* Case No. 1:11-cv-71 (S.D. Ohio) (Barrett, J.; Bowman, M.J.) (Doc. 7, pp. 15, 23). In both complaints, plaintiff has alleged that defendants failed to respond to her requests for documents held on file with the City of Wyoming, which she claims will establish her royal status and authority to access a "billionaire financial account" established in her name at M&I Bank in Indianapolis. *See* Doc. 1, Complaint, pp. 7-8; *Yvette Barbara Baldwin v. Cincinnati Bar Association, et al.,* Case No. 1:11-cv-71 (S.D. Ohio) (Barrett, J.; Bowman, M.J.) (Doc. 7, pp. 26-27). To the extent plaintiff requests in the instant action additional employment records and documents allegedly held on file with the City of Wyoming, the complaint is still barred by *res judicata* because plaintiff could have raised the additional claims, which stemmed from the same events and operative facts, in the prior action.

Accordingly, in sum, the Court concludes that the plaintiff's complaint, which contains delusional factual allegations, should be dismissed as frivolous. Alternatively, the complaint is subject to dismissal because the doctrine of *res judicata*, or claim preclusion, applies to bar consideration of the complaint, which raises claims that were or should have been raised in the prior lawsuit involving the same parties that was dismissed with prejudice on March 14, 2011. *See Yvette Barbara Baldwin v. Cincinnati Bar Association, et al.,* Case No. 1:11-cv-71 (S.D.

Ohio) (Barrett, J.; Bowman, M.J.).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).[4]

Date: 12/14/11
cbc

Karen L. Litkovitz
United States Magistrate Judge

---

[4] It is noted that plaintiff, a non-prisoner, would remain free to apply for *in forma pauperis* status in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| YVETTE BARBARA BALDWIN,<br>Plaintiff, | Case No. 1:11-cv-858 |
| vs | Weber, J.<br>Litkovitz, M.J. |
| WYOMING POLICE DEPARTMENT, et al.,<br>Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).